**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | |
| CREATIVE DESPERATION, INC., a/k/a PETER LETTERESE & ASSOCIATES, INC., | CASE NO. 08-019067-JKO<br>Chapter 7 |
| Debtor. _____/ | |
| BARRY MUKAMAL, AS SUCCESSOR CHAPTER 7 TRUSTEE FOR CREATIVE DESPERATION, INC. | |
| Plaintiff, | |
| v. | Adv. Case No. 09-01649-BKC-JKO |
| MGSI, INC. a/k/a MGSI-KARAS, a Delaware corporation, THOMAS JOHN KARAS, BARBARA FAWCETT f/k/a BARBARA LETTERESE, RAMONA LETTERESE, and PETER LETTERESE, | |
| Defendants. _____/ | |

**ADVERSARY DEFENDANTS' AMENDED NOTICE OF APPEAL**

**NOTICE IS HEREBY GIVEN** that Adversary Defendants, MGSI, INC. a/k/a MGSI-KARAS, a Delaware corporation ("MGSI"), THOMAS JOHN KARAS ("Dr. Karas"), BARBARA FAWCETT ("Ms. Fawcett"), RAMONA LETTERESE ("Mrs. Letterese"), and PETER LETTERESE ("Mr. Letterese") (collectively "Appellants"), by and through undersigned counsel, appeal under 28 U.S.C. §158(a) and Federal Rule of Bankruptcy Procedure 8001(a), from the from

the following Orders entered by the Bankruptcy Court in the Adversary Proceeding, Case Number 09-01649-BKC-JKO:

1. Order Denying *Pro Se* Defendant, Peter Letterese's, Motion for Rehearing and Reconsideration of the Order of Final Judgment or to Alter or Amend Final Judgment, [DE-551] entered on January 2, 2013;

2. Order Denying Adversary Defendants, MGSI, Thomas Karas and Barbara Fawcett's, Motion for Rehearing and Reconsideration of the Order of Final Judgment or to Alter or Amend Final Judgment, [DE-550] entered on January 2, 2013;

3. Order Denying Adversary Defendant, Ramona Letterese's, Motion for Rehearing and Reconsideration of the Order of Final Judgment, [DE-549] entered on January 2, 2013; and

4. Order of Final Judgment, [DE-527] entered on September 5, 2012.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, fax numbers, and emails of their respective attorneys are as follows:

**Barry P. Gruher, Esq.**
Genovese Joblove & Battista, P.A.
200 E. Broward Blvd., Suite 1110
Ft. Lauderdale, FL 33301
(954) 453-8000 Office
(954) 453-8010 Fax
bgruher@gjb-law.com
*Attorneys for Plaintiff*

**Jesus M. Suarez, Esq.**
Genovese Joblove & Battista, P.A.
100 SE 2 St
Miami, FL 33131
(305) 349-2300 Office
(305) 349-2310 Fax
Email: jsuarez@gjb-law.com
*Attorneys for Plaintiff*

**Alan J. Perlman**
Roetzel & Andress
350 E. Las Olas Blvd.
Suite 1150
Ft. Lauderdale, FL 33301
954-462-4150
aperlman@ralaw.com
*Attorneys for Church of Scientology Int'l*

**Peter Letterese**
4581 Weston Road #306
Weston, FL 33331
*Pro se*

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: **s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738

Respectfully submitted,

**s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738
Doug@broekerlaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023
*Appellate Attorneys for Adversary Defendants,*
*MGSI, Thomas Karas, Barbara Fawcett,*
*Ramona Letterese and Peter Letterese*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **30th** day of January, 2013, a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such to:

| | |
|---|---|
| **Barry P. Gruher, Esq.** | **Jesus M. Suarez, Esq.** |
| Genovese Joblove & Battista, P.A. | Genovese Joblove & Battista, P.A. |
| 200 E. Broward Blvd., Suite 1110 | 100 SE 2 St |
| Ft. Lauderdale, FL 33301 | Miami, FL 33131 |
| (954) 453-8000 Office | (305) 349-2300 Office |
| (954) 453-8010 Fax | (305) 349-2310 Fax |
| bgruher@gjb-law.com | Email: jsuarez@gjb-law.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

**Alan J. Perlman**
Roetzel & Andress
350 E. Las Olas Blvd.
Suite 1150
Ft. Lauderdale, FL 33301
954-462-4150
aperlman@ralaw.com
*Attorneys for Church of Scientology International*

**Peter Letterese**
4581 Weston Road #306
Weston, FL 33331
*Pro se*

By: **s/ Douglas C. Broeker**
      Douglas C. Broeker, Esquire
      Florida Bar No. 306738

ORDERED in the Southern District of Florida on Sept 4, 2012



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

CREATIVE DESPERATION, INC.,
a/k/a PETER LETTERESE &
ASSOCIATES, INC.,

CASE NO. 08-019067-JKO
Chapter 7

    Debtor.
_____/

BARRY MUKAMAL, AS SUCCESSOR
CHAPTER 7 TRUSTEE FOR CREATIVE
DESPERATION, INC.

    Plaintiff,

Adv. Case No. 09-01649-BKC-JKO-A

vs.

MGSI, INC. a/k/a MGSI-KARAS, a Delaware
Corporation, THOMAS JOHN KARAS,
BARBARA FAWCETT f/k/a BARBARA
LETTERESE, RAMONA LETTERESE,
PETER LETTERESE, CHARLES D. FRANKEN
and CHARLES D. FRANKEN, P.A., a Florida
professional association,

    Defendants.
_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court for Trial on July 20 and 23, 2012 (the "Trial"), upon the Second Amended Complaint for Declaratory Relief, for Preliminary and Permanent Injunctive Relief, for Avoidance and Recovery of Fraudulent Transfers (the "Complaint") [DE 288], filed by

the Plaintiff, Barry Mukamal, as Successor Chapter 7 Trustee (the "Successor Trustee" or "Plaintiff"), the answer and affirmative defenses related thereto, filed by Adversary Defendants, MGSI, Inc. a/k/a MGSI-Karas ("MGSI"), Thomas John Karas ("Karas"), Barbara Fawcett ("Fawcett"), Ramona Letterese ("R. Letterese") and Peter Letterese ("P. Letterese") (hereafter collectively referred to as the "Defendants" or "Adversary Defendants").[1] The Court articulated its findings of fact and conclusions of law on the record in open court at the close of evidence, and enters this separate Final Judgment in accordance with Fed. R. Bankr. P. 7058. For the reasons stated on the record, it is,

**ORDERED** and **ADJUDGED**, as follows:

1. Judgment as to Counts I and II of the Second Amended Complaint is hereby entered in favor of Plaintiff and against all Adversary Defendants, as follows:

    a. **Count I** - Count I of the Complaint seeks declaratory relief to establish the bankruptcy estate's ownership rights of the "IPR Assets" as defined therein, including the intellectual property rights, claims and interests in the license to the literary works of Les Dane (which includes "Big League Sales Closing Techniques" and its progeny) under that certain (i) "Agreement" dated December 31, 1993 attached as Exhibit "A" to the Complaint (the "Agreement"), as modified by the (ii) "Addendum Agreement" dated August 27, 2004 (the "Addendum") and "2005 Amendment", (the "Amendment") reflected by Composite Exhibit "B" to the Complaint, and that certain (iii) "Assignment of Copyright" dated July 12, 1994 from Prentice-Hall Career & Personal Department (the "Assignment"), attached as Exhibit "C" to the Complaint (collectively, the "Licensing Agreements" or "IPR Assets"), all of which were admitted into evidence at Trial [Trial Exhibits 3A, 3B and 3C, respectively]. On Friday, July 20,

---

[1] Charles D. Franken ("C. Franken") and Charles D. Franken, P.A. ("Franken, P.A.")(collectively, "Franken") have previously been dismissed with prejudice from the Complaint and, therefore, the relief provided herein shall not include Franken.

2

2012 at approximately 1:11 p.m., the Adversary Defendants, except Letterese, stipulated to entry of a judgment as to Count I in that none of them asserted any ownership or interest in the Licensing Agreements or "IPR Assets". Defendant Letterese failed to introduce any evidence that remotely suggests he has an interest in the IPR Assets. In fact, the contrary is true based on the simple review of his Answer [D.E. 281], whereby he declares that no claim is being made as to the Agreement – "This Defendant seeks no claim or interest in the alleged assets". (*See*, pg. 7, ¶ 61).

Based on the foregoing, the IPR Assets (inclusive of the "Agreement"), are and remain property of the estate and are owned exclusively by the Trustee pursuant to 11 U.S.C §541 of the Bankruptcy Code. A Declaratory Judgment is hereby entered in favor of Plaintiff and against each of the Adversary Defendants (MGSI, Karas, Fawcett, R. Letterese and P. Letterese), whereby the rights, title, ownership and interests in the "IPR Assets" a/k/a "Licensing Agreements" (including the "Agreement", "Addendum", "Amendment" and "Assignment" (defined above)) are and remain exclusively vested with the Successor Trustee (Plaintiff) as property of the estate under 11 U.S.C. §541 as of the Petition Date of June 30, 2008, which rights, claims and interests are superior to any right, title, interest or claim allegedly asserted by any of the Adversary Defendants.

b. **Count II** – Count II seeks a permanent injunction against the Defendants as to the "IPR Assets" and "Consulting Business" (defined therein). Applying the standard used by the Supreme Court *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743 (2010), the Court determines that the record evidence has established that: (i) irreparable harm will come to Plaintiff if an injunction does not issue due to the years of gamesmanship as to attempts by the Defendants to assert control over the IPR Assets, which interference will not cease absent injunctive relief;

(ii) in view of said conduct and actions, this continued pattern of attempting to assert control over the estate's assets demonstrates the lack or inadequacy of any remedy at law; (iii) that in balancing the competing harm and interests, based on the stipulation and ruling as to Count I, any potential harm to Defendants (none of which was established at trial) is certainly outweighed by the benefits to the estate; and (iv) that the issuance of an injunction is in no way against the public interest. In fact, in view of the copyright interests, an injunction is in the public interest. In exercising its discretion based on the record evidence, this Court determines that the rationale and/or basis requiring the injunction is to put a stop to the various and shifting adverse claims to the IPR Assets (including the license as to the Dane works), which is owned by the estate herein, and subject to administration by the Plaintiff as the authorized Chapter 7 Trustee. The remaining specifications in compliance with Fed.R.Civ. P. 65 (d) are set forth below. Defendants MGSI, Karas, Fawcett, R. Letterese and P. Letterese, and any and all employees, agents, officers, representatives, servants, attorneys and/or assigns, and all those in active concert or participation with any of the foregoing under Fed.R.Civ.P. 65(d), as made applicable by Fed.R.Bankr.P. 7065, are hereby permanently enjoined and restrained as follows:

    i. From interfering (directly, indirectly or otherwise) in any manner whatsoever with regard to the Trustee's (and any successor's, assignee's or transferee's) use and peaceful enjoyment of the IPR Assets, including but not limited to the marketing and conveyance of same, and any and all claims and causes of action that relate to the foregoing; and

    ii. The term of this injunction and restraining order shall be for the duration of the respective lives of the Agreement as to the corresponding intellectual property and copyright interests of the IPR Assets, and any and all renewals of any of the foregoing.

    2. Judgment as to Counts III – XVII is hereby entered, as follows:

   **a.** **Count III** - Judgment is hereby entered in favor of Plaintiff and against Adversary Defendant MGSI such that, pursuant to 11 U.S.C. § 544, the purported oral transfer of IPR Assets is avoided.

   **b.** **Count IV** - Judgment is hereby entered in favor of Adversary Defendants MGSI and Karas.

   **c.** **Count V** - Judgment is hereby entered in favor of Adversary Defendants MGSI and Karas.

   **d.** **Count VI** - Judgment is hereby entered in favor of Plaintiff and against Adversary Defendants MGSI and Karas under 11 U.S.C. § 544 applying Fla. Stat. § 726.105(1)(a). Count VI seeks not only a determination that the transfer of the "Consulting Business" is voidable, but further seeks an award for the amount or value of the "CDI Assets, IPR Assets and Consulting Business" [D.E. 220, p. 23]. At Trial, Morris Berger, CPA (the "Expert") provided expert testimony on behalf of the Plaintiff as to monetary damages based on the value of the Consulting Business, and established that the Consulting Business transferred by the corresponding Defendants had an equivalent estimate of value in the range of $472,685 – $709,027, depending on a multiplier of 4 to 6, respectively. Given the expert opinion and other evidence presented at Trial, the Court accepts this range and determines that $ <u>472,685</u> is the appropriate damage award to be recovered, plus pre-judgment interest at 9% per annum[2] from January 1, 2006 through the date hereof, and post judgment interest thereafter at 0.19% per annum,[3] all for which let execution issue forthwith. This range comports with the 4 to 6 years of net income

---

[2] *See* Florida Dept. of Fin. Servs., Statutory Interest Rates, *available at* http://www.myfloridacfo.com/aadir/interest.htm (accessed Sept. 4, 2012).

[3] *See* Post Judgment Interest Rates, *available at* http://www.uscourts.gov/FormsAndFees/Fees/PostJudgementInterestRates.aspx (accessed Sept. 4, 2012).

5

derived from the Consulting Business, during which period these Defendants enjoyed the use of the IPR Assets/Licensing Agreements, whereby the Adversary Defendants MGSI and Karas derived a benefit. Consequently, damages in the foregoing amount of $<u>472,685</u> plus interest are appropriate as representative of the value of the transfers avoided by the Successor Trustee under 11 U.S.C. § 544, and recovered by the Successor Trustee under 11 U.S.C. § 550. The foregoing finding of damages as stated above, plus interest, is collectively referred to as the "Monetary Damage Award"[4]. Accordingly, Adversary Defendants Karas and MGSI are jointly and severally liable to Plaintiff for the Monetary Damage Award set forth herein, all for which let execution issue forthwith.

    **e.**    **<u>Count VII</u>** - Judgment is hereby entered in favor of Plaintiff and against Adversary Defendants MGSI and Karas under 11 U.S.C. § 544 applying Fla. Stat. § 726.105(1)(b). As a result of the findings in ¶2(d) above, Adversary Defendants MGSI and Karas are jointly and severally liable to Plaintiff for the Monetary Damage Award, for all of which let execution issue forthwith.

    **f.**    **<u>Count VIII</u>** - Judgment is hereby entered in favor of Plaintiff and against Adversary Defendants MGSI and Karas under 11 U.S.C. § 544 applying Fla. Stat. § 726.106(1). As a result of the foregoing judgment, said Adversary Defendants are jointly and severally liable to Plaintiff for the Monetary Damage Award referenced in ¶2(d) above, for all of which let execution issue forthwith.

    **g.**    **<u>Count IX</u>** - Judgment is hereby entered in favor of Adversary Defendants MGSI and Karas.

---

[4]   Each of the Adversary Defendants, except for Defendant, R. Letterese, are jointly and severally liable to Plaintiff for the Monetary Damage Award as set forth in Counts VI, VII, VIII, XII, XIII and XIV, respectively. To remove any doubt with respect to the damages assessed in this Final Judgment, no single Adversary Defendant shall be liable for an amount in excess of the Monetary Damages Award.

6

  **h.** <u>Count X</u> - Judgment is hereby entered in favor of Adversary Defendants MGSI and Karas.

  **i.** <u>Count XI</u> – The relief sought by the Plaintiff is moot and/or duplicative due to the judgments entered in favor of Plaintiff, specifically including Count I of the Complaint, and because the Court has found that the November 2008 execution of the Restatement Memorandum was ultra vires, fraudulent and unenforceable such that a post-petition transfer was not actually effected.

  **j.** <u>Count XII</u> - Judgment is hereby entered in favor of Plaintiff and against Defendant, P. Letterese for breach of fiduciary duty. As a result of the foregoing judgment, said Defendant is jointly and severally liable to Plaintiff for the Monetary Damage Award referenced in ¶2(d) above, for all of which let execution issue forthwith. Although referenced numerous times, to remove any doubt, no single Adversary Defendant shall be liable for an amount in excess of the Monetary Damages Award under the provisions hereof, and Plaintiff is entitled to a single recovery.

  **k.** <u>Count XIII</u> - Judgment is hereby entered in favor of Plaintiff and against Defendant Fawcett for breach of fiduciary duty. As a result of the foregoing judgment, said Defendant is jointly and severally liable to Plaintiff for the Monetary Damage Award referenced in ¶2(d) above, for all of which let execution issue forthwith. Although referenced numerous times, to remove any doubt, no single Defendant shall be liable for an amount in excess of the Monetary Damages Award under the provisions hereof, and Plaintiff is entitled to a single recovery.

  **l.** <u>Count XIV</u> - Judgment is hereby entered in favor of Plaintiff and against Defendant Karas for aiding and abetting breach of fiduciary duty. As a result of the

7

foregoing judgment, said Defendant is jointly and severally liable to Plaintiff for the Monetary Damage Award referenced in ¶2(d) above, for all of which let execution issue forthwith.

  **m.**   **Count XV** - Judgment is hereby entered in favor of Defendant, R. Letterese and against Plaintiff.

  **n.**   **Count XVI** - The relief sought by the Plaintiff is moot due to the dismissal of Defendants Franken and Franken, P.A.

  **o.**   **Count XVII** - The relief sought by the Plaintiff is moot and/or duplicative due to the judgments entered in favor of Plaintiff, specifically including Counts I and II of the Complaint and, therefore, Count XVII is hereby dismissed with prejudice.

3.   Each of the Adversary Defendants, except for Defendant, R. Letterese, are jointly and severally liable to Plaintiff for the Monetary Damage Award as set forth in Counts VI, VII, VIII, XII, XIII and XIV, respectively. Accordingly, with respect to the damages assessed in this Final Judgment, no single Adversary Defendant shall be liable for an amount in excess of the Monetary Damages Award. Let execution issue forthwith as to all of the relief set forth in this Final Judgment, including the Monetary Damages Award entered against each of the Adversary Defendants, Karas, MGSI, P. Letterese and B. Fawcett.

4.   Plaintiff's address is as follows:

  **Barry E. Mukamal, Successor Trustee**
  Marcum, LLP
  One S.E. Third Avenue
  Tenth Floor
  Miami, FL 33131

5.   Defendants respective addresses are as follows:

  **MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporation,** *Defendant*
  c/o RA Agents & Corp. Inc.

8

1201 Orange St #600
One Commerce Ctr.
Wilmington, DE 19801

**Thomas John Karas,** *Defendant*
25625 Jefferson Ave.
St Clair Shores, MI 48081-2310

**Barbara Fawcett,** *Defendant*
18031 SW 70 Pl
SW Ranches, FL 33331

**Peter Letterese,** *Defendant*
14581 Old Sheridan St
Southwest Ranches, FL 33330

**Ramona Letterese,** *Defendant*
14581 Old Sheridan St
Southwest Ranches, FL 33330

6. Pursuant to Fed. R. Civ. P. 69(a) and Fla. R. Civ. P. 1.560(b), the Adversary Defendants, MGSI, Karas, Fawcett and P. Letterese shall complete under oath Florida Rule of Civil Procedure Form ~~1.997~~ 1.977 Fact Information Sheet (copy attached), including all required attachments, and serve it on Plaintiff's counsel, Barry P. Gruher, Esq. of Genovese, Joblove & Battista, P.A, 200 East Broward Blvd. Suite 1110, Ft. Lauderdale, FL 33301, within forty-five (45) days from the date of this Final Judgment, unless this Final Judgment is satisfied or post-judgment discovery is stayed by order of this Court.

7. The Court further reserves jurisdiction over this cause and the parties hereto to award Plaintiff its reasonable attorneys' fees and costs incurred in enforcing this Final Judgment, to enter any other and further orders that are proper to compel Defendants to complete the Fact Information Sheet, including all required attachments, and to enter any other and further orders for post-judgment relief as may be appropriate.

###

**Copies Furnished To:**

Barry P. Gruher, Esq.
*[Attorney Gruher is directed to serve a copy of this Order upon all parties]*

**FORM 1.977. FACT INFORMATION SHEET**

(CAPTION)

FACT INFORMATION SHEET

Full Legal Name: _____
Nicknames or Aliases: _____
Residence Address: _____
Mailing Address (if different: _____
Telephone Numbers: (Home) _____ (Business) _____
Name of Employer: _____
Address of Employer: _____
Position or Job Description: _____
Rate of Pay: $_____ per _____. Average Paycheck: $_____ per _____
Average Commissions or Bonuses: $_____ per _____. Commissions or bonuses are based on _____
Other Personal Income: $_____ from _____
(Explain details on the back of this sheet or an additional sheet if necessary.)
Social Security Number: _____ Birthdate: _____
Driver's License Number: _____
Marital Status: _____ Spouse's Name: _____

*******************************************************************************

*Spouse Related Portion*

Spouse's Address (if different): _____
Spouse's Social Security Number: _____ Birthdate: _____
Spouse's Employer: _____
Spouse's Average Paycheck or Income: $_____ per _____
Other Family Income: $_____ per _____ (Explain details on back of this sheet or an additional sheet if necessary.)
Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

*******************************************************************************

Names and Ages of All Your Children (and addresses if not living with you): _____
Child Support or Alimony Paid: $_____ per _____
Names of Others You Live With: _____
Who is Head of Your Household? _____You _____Spouse _____Other Person
Checking Account at: _____ Account # _____
Savings Account at: _____ Account # _____

For Real Estate (land) You Own or Are Buying:
Address: _____
All Names on Title: _____
Mortgage Owed to: _____
Balance Owed: _____

CIV-105

Monthly Payment: $_____
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:
Year/Make/Model: _____ Color: _____
Vehicle ID #: _____ Tag No: _____ Mileage: _____
Names on Title: _____ Present Value: $_____
Loan Owed to: _____
Balance on Loan: $_____
Monthly Payment: $_____
(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? Amount Owed: $_____
Name and Address of Person Owing Money: _____
Reason money is owed: _____

Please attach copies of the following:
  a. Your last pay stub.
  b. Your last 3 statements for each bank, savings, credit union, or other financial account.
  c. Your motor vehicle registrations and titles.
  d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
  e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.
  f. Your last 2 income tax returns filed.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor

STATE OF FLORIDA
COUNTY OF ....................

The foregoing instrument was acknowledged before me this ..... day of ..............., (year .....), by ...................., who is personally known to me or has produced .................... as identification and who .....did/did not..... take an oath.

   WITNESS my hand and official seal, this ..... day of .........., (year .....).

_____

CIV-106

Notary Public
State of Florida

My Commission expires: ....................

**THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.**

### Committee Notes

**2000 Adoption.** This form is added to comply with amendments to rule 1.560.

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Jessica@broekerlaw.com, Claudia@broekerlaw.com, aperlman@ralaw.com, bankruptcy@marcumllp.com, bgruher@gjb-law.com, bklaw9999@gmail.com,
Do not notice for BK case:

Message-Id:<25949564@FLSB.USCOURTS.GOV>
Subject:09-01649-JKO Order on Motion To Reconsider
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Lachman, Grant entered on 1/2/2013 at 3:21 PM EST and filed on 12/31/2012
**Case Name:** Mukamal v. MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporati
**Case Number:** 09-01649-JKO
**Document Number:** 549

**Docket Text:**
Order Denying Motion To Reconsider # [533] *** The Court has carefully reviewed the Motion to Reconsider (ECF No. 533) and all relevant portions of the record. After considering the Motion and being fully advised on the matter the court orders that the Motion to Reconsider be Denied. *** **SO ORDERED by The Honorable John K. Olson.** (This is a text-only virtual docket entry with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A). *Counsel for movant(s) is directed to serve copies of this text-only order and file a certificate of service within 7 days.*) (Lachman, Grant)

The following document(s) are associated with this transaction:

**09-01649-JKO Notice will be electronically mailed to:**

Douglas C Broeker on behalf of Defendant MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporation
doug@broekerlaw.com, Jessica@broekerlaw.com;Claudia@broekerlaw.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Barry P Gruher on behalf of Interested Party Barry Mukamul
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;ablye@gjb-law.com;kcabrera@gjb-law.com;chopkins@gjb-law.com

Barry E. Mukamal
bankruptcy@marcumllp.com

Alan J. Perlman on behalf of Interested Party Alan Perlman
aperlman@ralaw.com, mhannau@ralaw.com;jalper@ralaw.com

Sherri B. Simpson on behalf of Defendant Charles Franken
sbsecf@gmail.com, bklaw9999@gmail.com;bklaw99@aol.com

Jesus M Suarez on behalf of Interested Party Barry Mukamul
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com

**09-01649-JKO Notice will not be electronically mailed to:**

Barry P Gruher on behalf of Plaintiff Barry Mukamal
100 SE 2 St #4400
Miami, FL 33131

Bart A Houston on behalf of Plaintiff Marika Tolz
200 E Broward Blvd #1110
Ft Lauderdale, FL 33301

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Jessica@broekerlaw.com, Claudia@broekerlaw.com, aperlman@ralaw.com, bankruptcy@marcumllp.com, bgruher@gjb-law.com, bklaw9999@gmail.com,
Do not notice for BK case:

Message-Id:<25949605@FLSB.USCOURTS.GOV>
Subject:09-01649-JKO Order on Motion To Reconsider
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Lachman, Grant entered on 1/2/2013 at 3:25 PM EST and filed on 12/31/2012
**Case Name:**　　　　　Mukamal v. MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporati
**Case Number:**　　　　09-01649-JKO
**Document Number:** 550

**Docket Text:**
Order Denying Motion To Reconsider # [534], Denying Motion To Amend (Re: # [534]) *** The court has considered the motion, the relevant portions of the record, and being fully advised in the premises orders that the Motion to Reconsider or Amend (ECF No. 534) be denied. *** **SO ORDERED by The Honorable John K. Olson.** (This is a text-only virtual docket entry with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A). *Counsel for movant(s) is directed to serve copies of this text-only order and file a certificate of service within 7 days.*)(Lachman, Grant)

The following document(s) are associated with this transaction:

**09-01649-JKO Notice will be electronically mailed to:**

Douglas C Broeker on behalf of Defendant MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporation
doug@broekerlaw.com, Jessica@broekerlaw.com;Claudia@broekerlaw.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Barry P Gruher on behalf of Interested Party Barry Mukamul
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;ablye@gjb-law.com;kcabrera@gjb-law.com;chopkins@gjb-law.com

Barry E. Mukamal
bankruptcy@marcumllp.com

Alan J. Perlman on behalf of Interested Party Alan Perlman
aperlman@ralaw.com, mhannau@ralaw.com;jalper@ralaw.com

Sherri B. Simpson on behalf of Defendant Charles Franken
sbsecf@gmail.com, bklaw9999@gmail.com;bklaw99@aol.com

Jesus M Suarez on behalf of Interested Party Barry Mukamul
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com

**09-01649-JKO Notice will not be electronically mailed to:**

Barry P Gruher on behalf of Plaintiff Barry Mukamal
100 SE 2 St #4400
Miami, FL 33131

Bart A Houston on behalf of Plaintiff Marika Tolz
200 E Broward Blvd #1110
Ft Lauderdale, FL 33301

```
MIME-Version:1.0
From:FLSB_ECF_Notification@FLSB.USCOURTS.GOV
To:Courtmail@localhost.localdomain
Bcc: Jessica@broekerlaw.com, Claudia@broekerlaw.com, aperlman@ralaw.com, bankruptcy@marcumllp.com, bgruher@gjb-law.com, bklaw9999@gmail.com,
Do not notice for BK case:

Message-Id:<25949705@FLSB.USCOURTS.GOV>
Subject:09-01649-JKO Order on Motion To Reconsider
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Lachman, Grant entered on 1/2/2013 at 3:27 PM EST and filed on 12/31/2012
**Case Name:**             Mukamal v. MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporati
**Case Number:**         09-01649-JKO
**Document Number:** 551

**Docket Text:**
Order Denying Motion To Reconsider # [535] *** The court has considered the motion, the relevant portions of the record, and being fully advised in the premises orders that the Motion to Reconsider (ECF No. 535) be denied. . *** **SO ORDERED by The Honorable John K. Olson.** (This is a text-only virtual docket entry with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A). *Counsel for movant(s) is directed to serve copies of this text-only order and file a certificate of service within 7 days*.) (Lachman, Grant)

The following document(s) are associated with this transaction:

**09-01649-JKO Notice will be electronically mailed to:**

Douglas C Broeker on behalf of Defendant MGSI, Inc., a/k/a MGSI-Karas, a Delaware Corporation
doug@broekerlaw.com, Jessica@broekerlaw.com;Claudia@broekerlaw.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Charles D. Franken on behalf of Defendant Charles Franken
frankencdf@aol.com

Barry P Gruher on behalf of Interested Party Barry Mukamul
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;ablye@gjb-law.com;kcabrera@gjb-law.com;chopkins@gjb-law.com

Barry E. Mukamal
bankruptcy@marcumllp.com

Alan J. Perlman on behalf of Interested Party Alan Perlman
aperlman@ralaw.com, mhannau@ralaw.com;jalper@ralaw.com

Sherri B. Simpson on behalf of Defendant Charles Franken
sbsecf@gmail.com, bklaw9999@gmail.com;bklaw99@aol.com

Jesus M Suarez on behalf of Interested Party Barry Mukamul
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com

**09-01649-JKO Notice will not be electronically mailed to:**

Barry P Gruher on behalf of Plaintiff Barry Mukamal
100 SE 2 St #4400
Miami, FL 33131

Bart A Houston on behalf of Plaintiff Marika Tolz
200 E Broward Blvd #1110
Ft Lauderdale, FL 33301